UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OAKLAND-MACOMB INTERCEPTOR
DRAIN DRAINAGE DISTRICT,

                                                    Case No. 13-cv-12399

          Plaintiff,                              Hon. Gershwin A. Drain

v.

ZURICH AMERICAN INSURANCE COMPANY,

          Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(B)(6) [#7], CANCELLING OCTOBER 17, 2013 HEARING AND DISMISSING ACTION

## I.  INTRODUCTION

Plaintiff, the Oakland-Macomb Interceptor Drain Drainage District, filed the instant action on May 31, 2013, against its insurer, Zurich American Insurance Company ("Zurich") for breach of contract, declaratory judgment and bad faith stemming from Zurich's handling and ultimate denial of Plaintiff's claim for loss and damage to its property.   In lieu of filing its Answer, Zurich filed a Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) on July 17, 2013.   This matter is fully briefed and the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve Defendant's Motion on the briefs submitted and cancels the October 17, 2013 hearing.  *See* E.D. Mich.  L.R. 7.1(f)(2).  For the reasons that follow, Zurich's Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

-1-

## II.   FACTUAL BACKGROUND

In 2010, the parties executed the Zurich Completed Value Builders Risk Policy (the "Policy"), which provided insurance coverage for all risks of direct physical loss to covered property at the Plaintiff's project.  The policy describes the project as "[r]ehabilitation of 23-miles of sewer lines in Oakland and Macomb counties and construction of corridor bypass."  Compl., Ex. A at 6. The period of the policy was from February 1, 2010 through February 1, 2014.  The policy contains a suit limitation provision, which states:

> **26.   SUIT AGAINST THE COMPANY**
> No suit or action on this Policy for the recovery of any claim will be sustainable in any court of law or equity unless the Insured will have fully complied with all the requirements of this Policy.  Any action or proceeding against the Company for recovery of any loss under this Policy will not be barred if commenced within (12) twelve months after the **OCCURRENCE\*** becomes known to the Named Insured unless a longer period of time is required by applicable statute.

Compl., Ex. A at 34.

During the approximate time period of March 11, 2010 through April 16, 2010, one or more contractors at the project site were negligent in performing watering activities, which caused damage to covered property at a portion of the Plaintiff's project site.  On August 2, 2010, Plaintiff advised Zurich of the loss.

Zurich failed to provide Plaintiff with a Statement in Proof of Loss Form ("POLF"), thus Plaintiff, on its own initiative, prepared and submitted its POLF to Zurich on June 25, 2012.  The POLF seeks insurance coverage in the amount of $2,837,986.56.  Plaintiff indicated that the cause of the loss was "the negligent dewatering and/or unwanted removal of soil from a portion of the Insured Project."  On July 19, 2012, Zurich acknowledged receipt of the POLF and rejected it, claiming it did not have sufficient documentation to substantiate the claim and that its investigation

into the loss was ongoing. On August 21, 2012, Plaintiff provided Zurich with additional voluminous records relating to the loss. On January 29, 2013, Zurich denied Plaintiff's claim. On March 8, 2013, Plaintiff requested that Zurich reconsider its denial of Plaintiff's claim. On May 22, 2013, Zurich issued a letter reaffirming its denial of coverage for Plaintiff's claim.

## III.   LAW & ANALYSIS

### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

### B.      Zurich's Motion for Dismissal Pursuant to Fed.  R.  Civ.  P.  12(b)(6)[1]

Zurich requests that this Court enter an order dismissing Plaintiff's claims in their entirety based on the twelve month suit limitation provision set forth in the Policy.  Plaintiff did not file the instant action until May 31, 2013, or more than thirty-seven months after it became aware of its loss in August of 2010.  Conversely, Plaintiff argues its claim is timely based upon judicial and/or statutory tolling because Zurich failed to advise Plaintiff that its claim was denied until January 29, 2013.  Thus, Plaintiff maintains that the time between Plaintiff's notice to Zurich and Zurich's denial is tolled, therefore the Complaint is not untimely.

---

[1]  Zurich also moves for dismissal of part of Plaintiff's damages request, specifically Plaintiff's claim for attorney fees.  *See* Mot.  at 11-12.  In its Response, Plaintiff indicates that it will withdraw its claim for attorney fees.  Accordingly, the Court will not address this aspect of Zurich's present motion.

-4-

Plaintiff's argument relies on decisions that no longer accurately represent Michigan law on the application of judicial tolling to suit limitation provisions in insurance contracts. Further, Plaintiff misinterprets case law concerning the availability of statutory tolling for insurance contracts such as the one before this Court.

Plaintiff first relies on the Michigan Supreme Court's decision in *Tom Thomas Organization, Inc. v. Reliance Ins. Co.*, 396 Mich. 588; 242 N.W. 2d 396 (1976), which applied judicial tolling and tolled the running of the limitations period from the time the insured gave notice until the time the insurer formally denied the insured's claim. *Id.* at 596-97. However, *Tom Thomas* was overruled by *Rory v. Continental Ins. Co.*, 473 Mich. 457, 470; 703 N.W. 2d 23 (2005), which held that "an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy," and that a one-year suit limitation was not contrary to public policy. *Id.* at 470, 491.

Further, contrary to Plaintiff's argument, the Michigan Supreme Court has overruled *Tom Thomas* in the private insurance context. *See McDonald v. Farm Bureau Ins. Co.*, 480 Mich. 191; 747 N.W.2d 811 (2008). The *McDonald* court specifically held that: "*Tom Thomas* disregarded long-established case law requiring that we read unambiguous contract provisions as they are written." *Id.* at 199. The *McDonald* court further concluded that "[w]e reiterate that *Rory* overruled *Tom Thomas* and its progeny and conclude that express limitations periods in optional insurance contracts are not automatically tolled as a matter of law by filing a claim." *Id.* at 200-01.[2] Therefore, judicial tolling cannot be used to toll the twelve month suit limitation provision set forth

---

[2] The Court also notes that the *McDonald* court reversed the Michigan Court of Appeals's decision in *McDonald v. Farm Bureau Ins. Co.*, No. 259168, 2006 WL 2457692 (Mich. App. Aug. 24, 2006), thus Plaintiff's reliance on the appellate court decision is similarly misplaced.

-5-

in the Policy.

Plaintiff next argues that statutory tolling applies here because the Policy at issue, a "builders risk" policy, is considered a fire insurance policy, therefore MICH. COMP. LAWS § 500.2833 applies to these circumstances.  Michigan Compiled Laws  § 500.2833  states:

(1)     Each fire insurance policy issued or delivered in this state shall contain the following provisions:

\*                               \*                               \*

(q)     That an action under the policy may be commenced only after compliance with the policy requirements.  An action must be commenced within 1 year after the loss or within the time period specified in the policy, whichever is longer.  The time for commencing an action is tolled from the time the insured notifies the insurer of the loss until the insurer formally denies liability.

MICH. COMP. LAWS § 500.2833.  The only legal authority Plaintiff provides, *Hunt Construction Group, Inc.  v.  Allianz Global Risks U.S. Insurance Co.*, 503 F.3d 632 (7th Cir. 2007), does not stand for the proposition Plaintiff claims.   Rather, contrary to Plaintiff's contention, *Hunt Construction* did not conclude that builders risk policies, such as the one at issue herein, fall within the general definition of a fire insurance policy.  *See* Plf.'s Br.  at 8.  In reversing the district court, the Seventh Circuit Court of Appeals rejected the lower court's conclusion that the subject builders risk policy was "actually a 'fire insurance policy.'" *Hunt Construction*, 503 F.3d at 633.  The court further noted that while fire is one of the risks of a construction project against which the builders risk policy insures, "it is only one, and it seems odd, given the evolution of builders risk insurance policies from inland marine policies, to describe a builders risk policy as a fire insurance policy just because fire is among the risks insured by it." *Id.*  The court also opined "[t]o call the builders risk policy a fire insurance policy, and submit it to the 19 separate requirements that the statute imposes on 'each fire insurance policy issued or delivered . . . strains the meaning of the term fire insurance

-6-

policy.'" *Id.*

Thus, the *Hunt Construction* court held that the statute does not apply to builders risk policies such as the one at issue here, therefore Plaintiff cannot demonstrate that statutory tolling is applicable to the instant matter.  The Court concludes that Plaintiff is not entitled to judicial or statutory tolling of the twelve month suit limitation period set forth in the Policy.

Plaintiff also relies on the Michigan Department of Financial and Insurance Services issuance of Administrative Rule 500.2212 to suggest that Michigan public policy disfavors shortened limitation of action provisions in insurance contracts.  Michigan Administration Code Rule 500.2212 states in relevant part:

> Rule 2.  (1) A shortened limitation of action clause unreasonably reduces the risk purported to be assumed in the general coverage of the policy within the meaning of MCL 500.2236.
> (2) On and after the first day of the first month following the effective date of these rules, an insurer shall not issue, advertise, or deliver to any person in this state a policy, contract, rider, indorsement, certificate, or similar contract document that contains a shortened limitation of action clause[.]

Mich. Admin. Code R.  500.2212(1)-(2).  However, this rule is inapplicable to commercial insurance contracts.  Under the code, a "[s]hortened limitation of action clause is a provision in a form that shortens the period of time otherwise provided by statute within which a claimant may bring an action in law or equity against an insurer for claims arising under a *personal insurance policy*."  Mich.  Admin.  Code R.  500.2211(d) (emphasis supplied).  Further, personal insurance is defined as "insurance policies underwritten and sold on an individual or group basis for personal, family, or household use."  Mich.  Admin.  Code R.  500.2211(c).  In any event, as *Rory* and its progeny make clear, Michigan public policy favors parties' rights to contract freely.  *Rory*, 473 Mich. at 468-69.

Lastly, the Court notes that the *McDonald* court rejected the same argument Plaintiff raises

-7-

herein, namely that Zurich should be equitably estopped from raising the twelve month suit limitation provision because it delayed its decision until January 29, 2013. *McDonald*, 480 Mich. at 205 ("The trial court's factual finding that defendant caused delays is insufficient to grant estoppel because there is no evidence that plaintiff relied on anything defendant did or said."). Plaintiff's Complaint is devoid of any factual allegations supporting an inference that Zurich led Plaintiff to believe that it would not rely on its available defenses under the Policy. Accordingly, Plaintiff's Complaint is subject to dismissal because it was untimely filed pursuant to the parties' Policy.

Lastly, Plaintiff's bad faith claim is also subject to dismissal because Michigan does not recognize bad-faith breach of an insurance contract as a separate and distinct tort. *See Livonia Volkswagon, Inc. v. Universal Underwriters Group*, No. 06-13619, 2008 WL 880189 (E.D. Mich. March 31, 2008); *Jennings v. Nationwide Mutual Fire Ins. Co.*, No. 11-14439, 2011 WL 5525951 (E.D. Mich. Nov. 14, 2011); *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 729 N.W.2d 277 (2006). Here, Plaintiff alleges that Zurich has "improperly denied" its claim and "taken other coverage positions . . . which are improper and inapplicable and Zurich has taken these coverage positions without good faith and in bad faith." *See* Compl., ¶ 33. Thus, "[t]he only conduct alleged by [P]laintiff as being tortious is [Zurich's] failure to pay the claim." *Runions v. Auto-Owners Ins. Co.*, 197 Mich. App. 105, 495 N.W.2d 166 (1992). Therefore, Plaintiff's allegations "attempt[] to plead the nonexistent tort of bad-faith handling of an insurance claim." *Id.* As in *Runions*, it is appropriate to dismiss this count for failure to state a claim.

## V.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) [#7] is GRANTED. This cause of action is dismissed.

SO ORDERED.

Dated: October 15, 2013

/s/Gershwin A Drain
GERSHWIN A.  DRAIN
UNITED STATES DISTRICT JUDGE